# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DELASHONDA PEOPLES, )
                                                  Plaintiff, )
)
v. )
)      Case No. 18-2303-CM-JPO
BELL'S TOWER PLAZA RESTAURANT, )
LLC D/B/A MCDONALD'S RESTAURANT,)
et al., )
)
                                           Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Delashonda Peoples was in a McDonald's restaurant located at 3827 State Avenue, Kansas City, Kansas, when she slipped and fell on water on the floor. She initially brought this negligence action in Wyandotte County District Court against defendants Bell's Tower Plaza Restaurant, LLC; John and Mary Bell, the owners and managers of the restaurant; and John and Jane Does #1–10, employees of the restaurant. The case is before the court on defendants John Bell and Mary Bell's Motion to Dismiss for Failure to State a Claim (Doc. 19). These two defendants argue that plaintiff has failed to allege specific actions by them in their individual capacities that would subject them to liability as members of the Bell's Tower LLC. For the following reasons, the court denies that motion.

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the governing standard for pleadings, stating that although "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2006). The pleading should include "more than labels, conclusions, and a

-1-

formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)). The court does not make a determination on whether the plaintiff will prevail; rather, the issue is whether the plaintiff is permitted to offer evidence to support her claims. *Id.*

Defendants argue that they cannot be obligated personally for any liability of the Bell's Tower LLC because Kan. Stat. Ann. § 17-7688(a) protects them from personal liability for the acts of the limited liability company. *See Canyon Creek Dev., LLC v. Fox*, 263 P.3d 799, 806 (Kan. Ct. App. 2011) ("K.S.A. 17-7688 clearly insulates LLC members from liability for debts of the LLC and from claims of third parties against the LLC."). But if an officer or agent of a corporation individually violates a duty to a third party, he is liable for breach of that duty. *Lowe v. Postrock Midcontinent Prod. LLC, Clark Edwards, Jay Kingery & Jeff Morris*, No. 13-4075-JAR, 2013 WL 6000004, at *4 (D. Kan. Nov. 12, 2013.); *Kerns ex rel. Kerns v. G.A.C., Inc.*, 875 P.2d 949, 957–58 (Kan. 1994) (explaining that if a corporation's officer or director commits or participates in a tort, he may be liable). The question here, then, is whether plaintiff has plausibly alleged that John and Mary Bell took actions (or failed to take actions) that would subject them to individual liability—as opposed to corporate liability.

The facts supporting plaintiff's claims are not abundant, but they are adequate. Plaintiff alleges that all defendants created and maintained the wet floor that caused plaintiff to fall. She alleges that they were aware or should have been aware of the condition of the floor, and that they had duties to keep the premises in a reasonably safe condition but failed to do so. By attributing the alleged wrongful actions to all of the defendants, plaintiff pleads that the individual defendants personally participated in the alleged wrongdoing. Based on these allegations, the court cannot say that plaintiff's

complaint is so threadbare that dismissal pursuant to *Twombly* is appropriate. Plaintiff has stated claims that are "plausible on [their] face." *Twombly*, 550 U.S. at 570. Certainly, discovery may reveal that defendants John and Mary Bell had no personal involvement at all. If that is the case, then they may seek summary judgment on the claims against them. But it is premature to release them from the case now.

**IT IS THEREFORE ORDERED** that defendants John Bell and Mary Bell's Motion to Dismiss for Failure to State a Claim (Doc. 19) is denied.

Dated this 28th day of January, 2019, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**